## FIRST NAT. BANK *v.* FOREST.

*(Circuit Court, N. D. Iowa, E. D.* December 26, 1889.)

FEDERAL COURTS—JURISDICTION—ACTION BY NATIONAL BANK.

Act. Cong. Aug. 13, 1888, § 4, provides that national banks shall, "for the purpose of all actions by or against them, real, personal, or mixed, and all suits in equity, be deemed citizens of the states in which they are respectively located," and that the circuit and district courts of the United States shall not have in such cases "jurisdiction other than such as they would have in cases between individual citizens of the same state." *Held,* that the federal courts have jurisdiction of an action between a national bank located in one state and a citizen of another state.

Motion to Suppress Summons and Dismiss for Want of Jurisdiction.

Action by First National Bank of Grand Haven, Mich., against John Forest.

*Chas. A. Clark,* for plaintiff.

*Boies, Husted & Boies* and *Henderson, Hurd, Daniels & Kiesel,* for defendant.

SHIRAS, J. In support of the motion to dismiss this cause for want of jurisdiction, it is contended that, under the provisions of section 4 of the act of congress approved August 13, 1888, courts of the United States cannot take jurisdiction of suits in which a national bank is a party. It cannot be questioned that the language of the last clause of the section is susceptible of the construction claimed for it by defendant, yet, if this is the meaning of the latter clause, it wholly destroys the force of the first clause of the section, which declares that national banking associations shall, "for the purpose of all actions by or against them, real, personal, or mixed, and all suits in equity, be deemed citizens of the states in which they are respectively located." If the intent had been, as is claimed, to deprive the United States courts of jurisdiction of suits by or against national banks, it would have been easy to have so declared. Instead of so doing, it is enacted by the first clause that, for the purpose of suing and being sued, the banks shall be deemed to be citizens of the states in which they are respectively located; thus clothing them with the rights, in matters of suits, possessed by individual citizens of the state of their location. And then follows the second clause, which declares that the circuit and district courts of the United States shall not have, in such cases, "jurisdiction other than such as they would have in cases between individual citizens of the same state." If this is to be construed as is claimed by defendant, it, in effect, nullifies the clear meaning of the first clause, for in that it is declared that the banks shall stand on a parity with individual citizens, and it is the right of the individual citizen to sue a citizen of another state in the United States court. If the last clause had not been added to section 4 of the act of 1888, is it not entirely clear that, by the provisions of the first clause, national banks would, in the matter of suits, have had just the rights, no more and no less, of an individual citizen of the state in which it was located, which would have included the right to sue a citizen of another

state in the federal court? This is clearly the intent of the first clause, and could it have been the intent of congress to confer this right upon banks in the first clause of the section, and then in the latter clause to take it away? It is a fundamental rule of construction that, if possible, all portions of the act shall be given force and effect, and one part shall not be so construed as to nullify other portions of the act, unless it clearly appears that such was the legislative intent. While the language used in the second clause is not happily chosen for the purpose, yet it seems reasonably clear that it was not the intent to nullify one clause by the other, but to secure the general purpose of the section by further declaring that the federal courts should have no other or different jurisdiction in suits brought by or against national banks than they would have in case the given suits were pending between individual citizens. If, according to the literal construction sought to be put upon the last clause of the section, national banks cannot sue or be sued in the federal courts, except in cases involving a question arising under the constitution or laws of the United States, then the enactment of the first clause was wholly superfluous; for, if jurisdiction exists only when a federal question is involved, then it is immaterial whether the bank is or is not to be deemed a citizen of the state of its location. To give any force, therefore, to the first clause, it must be held that it was the legislative intent by the first clause to place national banks on the same footing with corporations created under state laws, and by the second clause to negative the claim that might be made to federal jurisdiction by reason of the fact that national banks are created under a law of congress. Thus construed, force is given to both parts of the section. If this is not the construction, then we would be forced to the conclusion that congress intended to deprive national banks of rights enjoyed by the individual citizens and by corporations created under the laws of the states. The conclusion reached is that the court has jurisdiction, and the motion to dismiss must be overruled.